**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Salvador Rodriguez, | No. CV09-2361-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| OneWest Bank; et al., | |
| Defendants. | |

Before the Court is Defendant OneWest Bank, FSB's Motion to Dismiss First Amended Complaint (doc. # 19). Defendant seeks dismissal under Fed. R. Civ. P. 8, 9(b), and 12(b)(6).

**I.    Background**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). In July 2007, Plaintiff Salvador Rodriguez financed the purchase of his residence at 5225 North 373rd Avenue, Tonopah, Arizona 85354 (the "Property") with a loan from Defendant IndyMac Bank, FSB ("IndyMac"). The loan was secured by a promissory note and deed of trust. In May 2009, after falling behind in his payments, Plaintiff contacted Defendant OneWest Bank ("OneWest"), successor to IndyMac, to arrange payment terms and/or to reach a loan

modification agreement. OneWest did not respond to Plaintiff's inquiries and scheduled the Property for trustee sale.

Plaintiff hired a loan modification company that made no progress. Therefore, on August 31, 2009, Plaintiff contacted the law firm of Mueller, Drury & Lawrence to work with OneWest to delay the scheduled trustee sale and consider his loan modification request. On the same day, Plaintiff and a paralegal employed by the law firm called OneWest and spoke to an agent of OneWest. The agent indicated that OneWest would postpone the sale for one week and, if during that week Plaintiff could submit his loan modification package, OneWest would postpone the sale again and consider his loan modification request. Plaintiff then retained Mueller, Drury & Lawrence to complete his loan modification package, which was sent to OneWest on August 31, 2009.

Thereafter, Plaintiff's counsel and other representatives of the law firm attempted to confirm with OneWest that the sale would be postponed while the loan modification package was considered. However, OneWest refused to further postpone the sale. On September 8, 2009, the Property was sold at a trustee sale to a third party. Plaintiff immediately demanded that OneWest vacate the sale and reinstate Plaintiff's title to the Property. The third party buyer demanded that Plaintiff vacate the Property, and Plaintiff has done so.

On October 7, 2009, Plaintiff filed his complaint against OneWest and IndyMac in the Maricopa County Superior Court. On November 11, 2009, OneWest removed the case to this Court. On December 14, 2009, Plaintiff filed an Amended Complaint.

**II. Dismissal of Counts I, II, and III Under Rules 8 and 12(b)(6), Federal Rules of Civil Procedure**

**A. Fed. R. Civ. P. 8**

Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99

(1957)). A claim must be stated clearly enough to provide each defendant fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). "Something labeled a complaint . . ., yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180. In addition, the complaint must also have "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

### B. Fed. R. Civ. P. 12(b)(6)

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint must contain "only enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

First, the Court must identify allegations in the complaint that are not entitled to the assumption of truth. *Id.* at 1949, 1951. The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Id.* at 1949, 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Second, the Court must determine whether the factual allegations plausibly suggest an entitlement to relief. *Iqbal*, 129 S. Ct. at 1950, 1951. This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. To show that the plaintiff is entitled to relief, the

complaint must permit the court to infer more than the mere possibility of misconduct. *Id.*

### C. Analysis

A complaint must identify "whom plaintiffs are suing for what wrongs." *McHenry*, 84 F.3d at 1180. In numerous places, the Amended Complaint alleges actions by "Defendants" without identifying whether OneWest or IndyMac allegedly performed the specific acts.

Count I (Breach of Contract) of the Amended Complaint does not identify what contract Defendants allegedly breached and whether the claim is for breach of a written or oral contract or breach of the covenant of good faith and fair dealing implied in one of the contracts, or some or all of these. Regarding breach of a written contract, *i.e.*, the Note and/or the Deed of Trust, Plaintiff admits he had not made payments as he had agreed to do under the Note and Deed of Trust, and he does not dispute that the Deed of Trust authorized Defendants to sell the Property at a trustee sale. Regarding breach of the oral contract to postpone the trustee sale one week, the Amended Complaint does not identify the parties to the oral agreement or allege that Defendants' representative was authorized to make such an agreement. More factual allegations are required to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

"The law implies a covenant of good faith and fair dealing in every contract," which requires that "neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." *Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986). To state a claim for breach of a covenant of good faith and fair dealing, a complaint must identify in the contract in which the covenant is implied in order to determine what benefits were intended to flow from it before deciding whether a party has acted to impair the right of the other to receive those benefits. The Amended Complaint alleges only that IndyMac acted in bad faith in making the loan to Plaintiff and OneWest acted in bad faith by proceeding with the

1  pending trustee sale after promising to postpone it one week.  Again, more factual
2  allegations are required to state a plausible claim.  *See Iqbal*, 129 S. Ct. at 1949.

3  Count II (Violation of the Real Estate Settlement Procedures Act—RESPA) asserts
4  only bare conclusions that Defendants have violated RESPA by not giving proper
5  disclosures and by making a loan that included improper fees.  It does not give fair notice
6  of which section of RESPA was allegedly violated and the grounds upon which the claim
7  rests.  Moreover, it does not allege a basis for equitable tolling of the one-year limitations
8  period for RESPA claims, which expired in July 2008.

9  Count III (Negligent or Intentional Misrepresentation) does not allege any false
10 representations other than "the representation that OneWest would delay the trustee sale
11 so long as Plaintiff presented the appropriate paperwork to Defendant."  It alleges, in
12 essence, that Plaintiff relied on what he anticipated to be a one-week reprieve from the
13 trustee sale, but it does not allege injury flowing from his reliance other than hiring a law
14 firm to assist him in preparing his loan modification package, which was submitted the
15 same day as the promise was made.  Count III does not allege that, but for OneWest's
16 unfulfilled promise to postpone the trustee sale one week, Plaintiff could have and would
17 have filed for bankruptcy protection, could have and would have obtained alternate
18 financing, or would not have submitted a loan modification package and would not have
19 incurred legal expenses.

20 Therefore, the factual allegations of the Amended Complaint do not plausibly
21 suggest an entitlement to relief under any of Counts I, II, and III, and do not provide
22 Defendants with fair opportunity to respond to the claims.  *See Iqbal*, 129 S. Ct. at 1950,
23 1951; *McHenry*, 84 F.3d at 1176, 1180.

24 **III.    Dismissal of Count IV Under Rule 9(b), Federal Rules of Civil Procedure**

25 "In alleging fraud or mistake, a party must state with particularity the
26 circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Rule 9(b) requires
27 allegations of fraud to be "specific enough to give defendants notice of the particular
28 misconduct which is alleged to constitute the fraud charged so that they can defend

against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

Count IV (Fraud) alleges that OneWest falsely represented it would postpone the trustee sale upon submission of a loan modification package and it knew its representations were false, or consciously and wilfully disregarded the fact that the misrepresentations and omission were false. It includes no factual allegations to support its conclusions that Plaintiff detrimentally relied on OneWest's misrepresentations, Plaintiff's reliance was reasonable and justified, and Plaintiff has been injured as a result of these misrepresentations. Thus, the Amended Complaint does not satisfy Rule 9(b).

### IV. Dismissal of Counts V, VI, and VIII[1]

Count V (Declaratory Judgment), Count VI (Quiet Title), and Count VIII (Rescission) seek relief based on Plaintiff prevailing on one or more of the other claims. As currently pled, all of the other claims must be dismissed, and there is therefore no basis for Counts V, VI, and VIII.

### V. Leave to Amend

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But, "[l]eave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice . . . or creates undue delay." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). The district court's discretion to deny leave to amend a complaint is "especially broad" where the plaintiff already has had one or more opportunities to amend his complaint. *Id.* at 1161. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore*,

---

[1] The Amended Complaint does not include a Count VII.

885 F.2d at 538. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

As explained above, Count II of the Amended Complaint appears to be barred by the one-year limitations period for RESPA claims. In deciding whether justice requires granting leave to amend, the Court finds that further amendment of Plaintiff's RESPA claim, Count II of the Amended Complaint, would be futile and would cause undue prejudice to the opposing party. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). Therefore, Count II will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

The remaining Counts, all based on state law, will be dismissed without prejudice for the reasons stated above. Plaintiff may seek leave to further amend the Amended Complaint for claims not based on RESPA. If so, the proposed second amended complaint must allege the basis for federal subject matter jurisdiction.

IT IS THEREFORE ORDERED that Defendant OneWest Bank, FSB's Motion to Dismiss First Amended Complaint (doc. # 19) is granted.

IT IS FURTHER ORDERED that Count II of Plaintiffs' Amended Complaint (doc. # 15) is dismissed with prejudice and the remaining Counts are dismissed for failing to state a claim upon which relief can be granted and failure to comply with Fed. R. Civ. P. 8 and 9(b), with leave to file an amended complaint by March 5, 2010. If an amended complaint is not filed by March 5, 2010, the Clerk shall enter judgment dismissing this action with prejudice for failure to state a claim upon which relief can be granted.

DATED this 16th day of February, 2010.

Neil V. Wake
United States District Judge